IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | |
|---|---|
| IN RE:<br><br>**Tara Ann Hodges**<br><br>**DEBTOR,** | § CASE NO.: 18-40455<br>§<br>§<br>§ CHAPTER 13<br>§ |

## OBJECTION TO CHAPTER 13 PLAN (DOCKET No. 2)

Comes now SRP 2012-4 LLC, its successors and assigns, (hereinafter "Secured Creditor"), a secured creditor in the above-entitled and numbered case, and files this Objection to Confirmation of Chapter 13 Plan, and in support thereof represents:

1. The above-styled Debtor filed a voluntary petition under Chapter 13 of Title 11, United States Bankruptcy Code on March 5, 2018.

2. Debtor was indebted to Secured Creditor pursuant to a promissory note secured by a recorded instrument granting a security interest in the real property commonly known as 5409 Devils River Drive Mckinney, Texas 75071 (hereinafter "subject property").

3. The subject property is Debtor's principal residence

4. As the loan matures on 12/1/2021 Secured Creditor has a full balance claim. As of the date of filing the claim amount was approximately $44,831.55. (hereinafter "Claim").

5. Debtor's Chapter 13 Plan (hereinafter "Plan") as proposed provides for $13,646.92 to satisfy the full balance claim.

6. Secured Creditor objects to confirmation of the Plan because:

a. it does not comply with 11 U.S.C. §1325 and is not feasible because it understates the amount of the Claim, including but not limited to the total debt due and owing as of the date of filing;

b. to cure the Claim of $44,831.55 over the term of the Plan within 36 months, Secured Creditor must receive a minimum payment of $1245.32 per month from the Debtor through the Plan. Debtor's Plan provides for payments to the Trustee in the amount of $16,622.75 over 36 months. Debtor has not provided sufficient funds to cure the Claim over the term of the Plan within 36 months.

c. It violates 11 U.S.C. §1322(b)(2) which prohibits the modification of the rights of a secured creditor whose interest is secured only by a security interest in the real property of the debtor. The plan lists a claim of $13,646.92 when the Secured Creditor has a claim of $44,831.55. That reduction in the claim is an impermissible modification.

////

////

////

////

////

////

////

////

////

////

////

    d.  The reduction in secured creditor's claim is not permitted by 11 U.S.C. §1322(c)(2) because the home has sufficient value to completely secure secured creditor's claim. Secured Creditor believes that the property is more valuable than the amount listed in the debtor's schedules. In the event that confirmation of debtor's plan is not denied Secured Creditor requests time to obtain an appraisal of the property before the plan is confirmed.

WHEREFORE, PREMISES CONSIDERED, Secured Creditor prays that this Court deny confirmation of the Plan, and grant it such other and further relief at law and in equity as is just.

Respectfully submitted,

THE LAW OFFICES OF MICHELLE GHIDOTTI

/s/ Kristin A. Zilberstein
Kristin A. Zilberstein/TBN 24104960
Jennifer R. Bergh/TBN 24103791)
Attorneys and Counselors
600 E. John Carpenter Fwy., Ste. 200
Irving, TX 75062
Ph:  (949) 427-2010
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com
Attorney for SRP 2012-4 LLC

Jennifer R. Bergh, Esq. (SBN 24103791)
Kristin A. Zilberstein, Esq. (SBN 24104960)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph:  (949) 427-2010
Fax: (949) 427-2732
jbergh@ghidottilaw.com

**Attorney for Movant,**
SRP 2012-4 LLC, its successors and assigns

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | CASE NO.:  18-40455 |
| | § | |
| **Tara Ann Hodges,** | § | CHAPTER 13 |
| | § | |
| **DEBTOR,** | § | **CERTIFICATE OF SERVICE** |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

### CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is: 1920 Old Tustin Ave., Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On May 22, 2018 I served the following documents described as:

- **OBJECTION TO CHAPTER 13 PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>Tara Ann Hodges<br>5409 Devils River Dr<br>McKinney, TX 75071<br><br>**Debtors' Counsel**<br>Marcus Leinart<br>Leinart Law Firm<br>11520 N. Central Expwy. Suite 212<br>Dallas, TX 75243 | **Chapter 13 Trustee**<br>Carey D. Ebert<br>P. O. Box 941166<br>Plano, TX 75094-1166<br><br>**US Trustee**<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702 |
|---|---|

  xx    (By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

  xx  (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

   Executed on May 22, 2018 at Anaheim, California

/*s / Kristin A. Zilberstein*
Kristin A. Zilberstein